# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3417

_____

Gerald W. Couch; Debbie Couch,    *
wife of Gerald W. Couch,    *
   *
       Appellees,    *   Appeal from the United States
   *   District Court for the Western
    v.    *   District of Arkansas.
   *
ConAgra Foods, Inc.    *      [UNPUBLISHED]
   *
       Appellant.    *

_____

Submitted: April 14, 2003

Filed: April 21, 2003
_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.
_____

PER CURIAM.

Gerald Couch was driving his pickup truck pulling a wood chipper. Although Couch signaled to make a turn, a ConAgra truck driven by a ConAgra employee hit him. Couch was injured. Seeking redress for their damages, Couch and his wife brought this diversity action against ConAgra for negligence. Before trial, the parties orally agreed that evidence of any settlement agreement would not be admissible. During the trial, in response to a question about the emotional problems the wreck had caused the Couch marriage, Couch's wife stated, "[Couch] was worried how he was going to replace the truck and . . . we had to replace the chipper they were

supposed to replace. They promised they would." ConAgra's attorney interrupted with an objection. At a bench conference, ConAgra requested a mistrial based on the pretrial agreement not to mention settlement agreements. The district court[*] denied the motion, but admonished the jury to disregard Couch's wife's statement, saying, "[T]here is just no promise to pay that has been made by ConAgra toward the Plaintiffs or promises to accept." Following the district court's admonition, Couch's attorney stated in open court before the jury, "Your Honor, I'd like to further confirm there's no agreement. If there was I'd be suing in court. I want everybody to understand that." The jury found in favor of the Couches and awarded them $300,000 of the $900,000 they sought in damages. ConAgra filed a motion for new trial based on Couch's wife's statement. The district court denied the motion.

ConAgra appeals asserting the district court abused its discretion in denying the motion for mistrial and motion for a new trial. For a violation of an in limine order to warrant a new trial, the order must be specific in its prohibition, the violation must clear, and the violation must prejudice the parties or deny them a fair trial. Pullman v. Land O'Lakes, Inc., 262 F.3d 759, 762 (8th Cir. 2001). Having carefully reviewed the matter, we agree with the district court that the alleged violation did not prejudice ConAgra or deny ConAgra a fair trial. As the district court found, the statement by Couch's wife was inadvertently made, and the court's curative instructions to the jury removed any potential prejudice or error from violation of the oral order in limine. See Underwood v. Colonial Penn Ins. Co., 888 F.2d 588, 591 (8th Cir. 1989).

We thus affirm.

---

[*]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.